NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMANMEET SINGH, | No. 17-70908 |
| Petitioner, | Agency No. A205-935-355 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2021**
Portland, Oregon

Before: W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Harmanmeet Singh, a native and citizen of India, petitions for review from

an order of the Board of Immigration Appeals ("BIA") upholding the denial of his

claims for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). Singh alleged that he was persecuted on account of his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

political activities in India. The Immigration Judge ("IJ") found Singh's testimony not credible and accorded it no weight, and the BIA affirmed. This credibility finding is supported by substantial evidence.

First, the BIA and the IJ (collectively, "the agency") cited a discrepancy regarding how and where Singh recovered consciousness after an alleged abduction and beating in June 2012. In his declaration, Singh stated that he regained consciousness late at night in a car with his abductors, and that after a few minutes they pushed him out of the car and onto the street. In his testimony, however, Singh said that he regained consciousness around noon, already on the street. The IJ provided Singh an opportunity to explain this discrepancy, which he failed to do. Because this discrepancy "is at the heart of the claim," the agency could assign it "great weight" in assessing Singh's credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

Second, the agency cited an inconsistency about whether the police asked Singh for a bribe in exchange for investigating his complaint about the alleged kidnapping and beating. His declaration failed to mention any request for a bribe, but in his testimony, Singh said the police demanded 150,000 rupees to investigate his complaint. He failed to explain this discrepancy when the IJ provided an opportunity to do so. The agency properly considered the omission of the alleged request for a bribe as part of the credibility determination. *See Silva-Pereira v.*

2

*Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016).

Third, the agency cited Singh's evasive and vague testimony in response to the IJ's questioning. As is required, the IJ "'identif[ied] particular instances in the record' where the petitioner was unresponsive." *Shrestha*, 590 F.3d at 1045 (emphasis deleted) (quoting *Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002)). The IJ specifically cited two exchanges regarding Singh's efforts to report attacks against him and his knowledge of persecution against individuals who returned to India from the United States. Because Singh failed to "g[i]ve responsive and straightforward answers" to the IJ's questions, *Iman v. Barr*, 972 F.3d 1058, 1066 (9th Cir. 2020), it was appropriate for the agency to consider these responses as part of its credibility determination as well.

The remaining record evidence is insufficient to support Singh's claims, so we deny the petition for review. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Although a "CAT applicant may satisfy his burden with evidence of country conditions alone," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010), the record evidence here does not compel the conclusion that Singh would be tortured in India.

**PETITION DENIED.**